992 F.2d 871
 Harold Lamont OTEY, Appellant,
v.
Frank X. HOPKINS, Warden of the Nebraska Penal and
Correctional Complex; Donald Stenberg, Attorney
General for the State of Nebraska, Appellees.
 No. 92-2722.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 18, 1993.
Decided May 14, 1993.
 
 Vincent M. Powers, Lincoln, NE, for appellant.
 Donald A. Kohtz, Lincoln, NE, for appellee.
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Harold Lamont Otey was convicted of first degree murder and sentenced to death. On December 18, 1979, the Nebraska Supreme Court affirmed the conviction and sentence. State v. Otey, 205 Neb. 90, 287 N.W.2d 36 (1979), cert. denied, 446 U.S. 988, 100 S.Ct. 2974, 64 L.Ed.2d 846 (1980). Since that time Otey has pursued post-conviction relief in both the state and federal courts.
 
 
 2
 This appeal had its genesis in a petition for a writ of habeas corpus filed in the district court on June 30, 1991. That same day a hearing was held and the petition was denied. This court affirmed the district court's ruling in Otey v. Hopkins, 951 F.2d 354 (8th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 894, 116 L.Ed.2d 797 (1992).
 
 
 3
 This specific appeal arises from Otey's June 1992 motion to vacate the district court's June 30, 1991, judgment under Federal Rule of Civil Procedure 60(b)(2) and alternatively under Federal Rule of Civil Procedure 60(b)(6). The district court denied these motions on July 29, 1992, and, at Otey's request we now review this holding.
 
 
 4
 Otey's main contention is that the discussion of his case in State v. Reeves, 239 Neb. 419, 476 N.W.2d 829 (1991), cert. denied, --- U.S. ----, 113 S.Ct. 114, 121 L.Ed.2d 71 (1992), provides newly discovered evidence which, if presented at his habeas hearing, would have entitled him to the relief requested. Alternatively, he contends that the Reeves case establishes that the Nebraska Supreme Court conducted a new sentencing proceeding in an earlier post-conviction action, State v. Otey, 236 Neb. 915, 464 N.W.2d 352 cert. denied, --- U.S. ----, 111 S.Ct. 2279, 115 L.Ed.2d 965 (1991).
 
 
 5
 The district court found that the Reeves opinion does not constitute newly discovered evidence. We agree. The district court also concluded that the Nebraska Supreme Court did in Otey, id. 464 N.W.2d at 361-64, review the factors considered at his sentencing proceeding but that such reweighing was an alternative holding to a finding of procedural bar. Id. at 360. We also agree with this finding.
 
 
 6
 In its memorandum and order, the district court carefully and correctly discussed each issue raised by Otey. Otey v. Hopkins, No. 4:CV91-L-3215 (D.Neb., July 29, 1992) (Memorandum Opinion). We see no benefit to either party in our expanding upon the well reasoned opinion of the district court. See 8th Cir. R. 47B.
 
 
 7
 Accordingly, we affirm.
 
 
 8
 HEANEY, Senior Circuit Judge, dissenting.
 
 
 9
 I continue to believe that Otey lacked the effective assistance of counsel before trial, during trial, and at sentencing. See Otey v. Grammer, 869 F.2d 1137, 1137-40 (8th Cir.1989) (Heaney, J., dissenting). Thus I cannot concur, as I cannot join in a decision that allows a man to be executed who did not receive a fair trial and sentencing.
 
 
 10
 As I stated in my earlier dissent from this court's decision not to review this case en banc, Otey was denied effective assistance of counsel by his appointed counsel's egregious lack of pretrial preparation, failure timely to request a continuance, failure to object to evidence secured in violation of Otey's Miranda rights, erroneously informing the jury that Otey would take the stand, and his introduction of evidence thought to be mitigating but which served rather to aggravate his sentence. Id.
 
 
 11
 I respectfully dissent.